[Cite as *Crapnell v. Dir., Ohio Dept. Job & Family Servs.*, 2016-Ohio-1145.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

LARRY E. CRAPNELL,

      APPELLEE,                         CASE NO.  8-15-10

      v.

DIRECTOR, OHIO DEPT. OF JOB
AND FAMILY SERVICES,                 O P I N I O N

      APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CV 15 04 0122

Judgment Reversed and Cause Remanded

Date of Decision:   March 21, 2016

APPEARANCES:

    *Patria v. Hoskins*  for Appellant

**ROGERS, J.**

{¶1} Appellant, Director of the Ohio Department of Job & Family Services ("ODJFS"), appeals the judgment of the Court of Common Pleas of Logan County reversing the determination of the Unemployment Compensation Review Commission ("the Commission"). On appeal, ODJFS argues that the trial court erred in finding that the Commission's determination that Appellee, Larry Crapnell, did not file a valid application for unemployment benefits was unreasonable. For the reasons that follow, we reverse the judgment of the trial court.

{¶2} On November 23, 2014, Crapnell filed an application for unemployment benefits with ODJFS.

{¶3} On December 5, 2014, ODJFS disallowed Crapnell's application due to an insufficient number of qualifying weeks of employment. Crapnell requested reconsideration, but ODJFS affirmed its initial determination.

{¶4} Crapnell appealed the redetermination to the Commission, and on January 29, 2015, a hearing was held.

{¶5} The hearing officer stated that its records showed that Crapnell had 11 qualifying weeks of employment, with earnings totaling $8,976, during the third quarter of 2013 (June 30, 2013 to September 28, 2013). Crapnell testified that his

records showed earnings of $6,664.54. He added, however, that he was "definitely missing a few pay stubs in there." (Docket No. 9, p. 60).

{¶6} The hearing officer stated that its records showed that Crapnell had one week of qualifying employment, with earnings totaling $1,068, during the fourth quarter of 2013 (September 29, 2013 through December 28, 2013). Crapnell testified that he did not have records from this period and did not know what days he worked.

{¶7} The hearing officer stated that its records showed that Crapnell had no qualifying employment during the first quarter of 2014 (December 29, 2013 through March 29, 2014). Crapnell agreed.

{¶8} The hearing officer stated that its records showed that Crapnell had seven weeks of qualifying employment, with earnings totaling $4,998, during the second quarter of 2014 (March 30, 2014 through June 28, 2014). Crapnell agreed.

{¶9} Finally, the hearing officer stated that its records showed that Crapnell had eight weeks of qualifying employment, with earnings totaling $6,958, during the third quarter of 2014 (June 29, 2014 through September 27, 2014). Crapnell agreed.

{¶10} On January 30, 2015, the Commission issued its decision and made the following findings of fact:

> [Crapnell] worked with one employer in his base and alternate base periods. [Crapnell] worked with Larry E. Crapnell/Crapnell

> Masonry on an off an [sic] on basis from April 21, 2014 through November 1, 2014. [Crapnell] also worked in 2013 with this employer, but was not sure of the particular dates.
>
> During the third quarter of 2013 [Crapnell] worked in 11 weeks of work, with earnings of $8976.00. During the fourth quarter of 2013, he worked in 1 week of work, with earnings of $1068.00. [Crapnell] did not work, and had no earnings, during the first quarter of 2014. During the second quarter of 2014, [Crapnell] worked in 7 weeks of work, with earnings of $4998.00. During the third quarter of 2014, [Crapnell] worked in 8 weeks of work with earnings of $6958.00.

(*Id*. at p. 65).

{¶11} Based on these facts, the Commission concluded that Crapnell failed to establish a valid application because he did not have at least 20 qualifying weeks of employment during his base period or alternate base period, as required under R.C. 4141.01(R).

{¶12} Thereafter, Crapnell requested reconsideration, claiming that he had found an additional qualifying week of employment in the third quarter of 2013 but offering no evidentiary support. The Commission disallowed Crapnell's request, and he appealed to the Court of Common Pleas of Logan County.

{¶13} By entry dated September 15, 2015, the trial court reversed the determination of the Commission. In doing so, it stated:

> [Crapnell] now argues that the employer's accountant has found an additional payroll record for the week ending August 14, 2013 which would give him twelve weeks in that quarter and twenty weeks in total. Given the amount of pay during that quarter, almost $9,000 it is not unreasonable to find that [Crapnell] had worked full-time,

thirteen weeks[,] and certainly that [sic] his claim that he worked twelve weeks is not unreasonable.

(Docket No. 17, p. 2).

**{¶14}** It is from this judgment that ODJFS appeals, presenting the following assignment of error for our review.

### *Assignment of Error*

**THE COMMON PLEAS COURT ERRED IN REVERSING THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION AS THAT DECISION WAS NOT UNLAWFUL, UNREASONABLE, OR AGAISNT THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶15}** In its sole assignment of error, ODJFS argues that the Commission's determination was not unreasonable. Specifically, it argues that the evidence in the record shows that Crapnell did not have 20 qualifying weeks of employment to establish a valid application for unemployment benefits. We agree.

**{¶16}** R.C. Chapter 4141 sets forth the statutory framework for unemployment benefits. Under that chapter, a court of common pleas shall reverse the Commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). An appellate court must apply the same standard of review. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694 (1995), paragraph one of the syllabus.

{¶17} R.C. 4141.01(R)(1) provides that in order to qualify for unemployment compensation benefits, a claimant must have at least 20 qualifying weeks of employment in his base period. A claimant's base period is defined as the first four of the last five completed calendar quarters immediately preceding the first day of his ben efit year. R.C. 4141.01(Q)(1). If a claimant does not have sufficient qualifying weeks in his base period, then an alternate base period is used. The alternate base period is the first four most recently completed calendar quarters preceding the first day of his benefit year. R.C. 4141.01(Q)(2).

{¶18} Here, Crapnell's application for unemployment benefits established a base period of June 30, 2013 through June 28, 2014 and an alternate base period of September 29, 2013 through September 27, 2014. R.C. 4141.01(Q)-(R)(1). In order to establish a valid application, Crapnell needed 20 qualifying weeks of employment in either period.

{¶19} The evidence before the Commission is undisputed. The hearing officer stated that its records showed that Crapnell had 11 qualifying weeks of employment in the third quarter of 2013 (June 30, 2013 to September 28, 2013). Crapnell provided no evidence to the contrary.

{¶20} The hearing officer stated that its records showed that Crapnell had one qualifying week of employment in the fourth quarter of 2013 (September 29, 2013 through December 28, 2013). Crapnell provided no evidence to the contrary.

{¶21} The hearing officer stated that its records showed that Crapnell had no qualifying employment in the first quarter of 2014 (December 29, 2013 through March 29, 2014). Crapnell provided no evidence to the contrary.

{¶22} The hearing officer stated its records showed that Crapnell had seven qualifying weeks of employment in the second quarter of 2014 (March 30, 2014 through June 28, 2014). Crapnell provided no evidence to the contrary.

{¶23} Finally, the hearing officer stated that its records showed that Crapnell had eight qualifying weeks of employment in the third quarter of 2014 (June 29, 2014 through September 27, 2014). Crapnell provided no evidence to the contrary.

{¶24} Based on the evidence presented at the hearing, the Commission concluded that Crapnell had an insufficient number of qualifying weeks of employment to establish a valid application for unemployment benefits—Crapnell had only 19 qualifying weeks of employment in his base period and 16 weeks of qualifying employment in his alternate base period. Neither period satisfied the statutory requirement. Nonetheless, the trial court reversed the Commission's determination. It concluded that given Crapnell's earnings of $8,976 in the third quarter of 2013, "it is not unreasonable to find that [he] had worked full-time, thirteen weeks[,] and certainly * * * his claim that he worked twelve weeks is not unreasonable." (Docket No. 17, p. 2).

**{¶25}** Although the trial court correctly stated in its entry that it was limited to the facts presented to the Commission, the trial court proceeded to consider the new allegation by Crapnell that another week of employment had been discovered. Because the new allegation of fact was not presented to the Commission, it was error for the trial court to consider it.

**{¶26}** The relevant inquiry is not whether Crapnell's later claim that he worked an additional week of qualifying employment in the third quarter of 2013 is reasonable, or as the trial court put it, "not unreasonable." (*Id*.) The correct standard is whether the Commission's determination that Crapnell had an insufficient number of qualifying weeks of employment to establish a valid application for unemployment benefits is unreasonable. As the Ohio Supreme Court has repeatedly noted, "the [Commission's] role as factfinder is intact; a reviewing court may reverse the [Commission's] determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas*, 73 Ohio St.3d at 697.

**{¶27}** Here, there was no evidence presented at the hearing that Crapnell had more than 11 qualifying weeks of employment in the third quarter of 2013. Crapnell also failed to provide the Commission with any evidence to support his later claim that he had an additional qualifying week of employment in this quarter. The Commission's determination was not unreasonable simply because it

failed to consider Crapnell's unsupported claim. For these reasons, the Commission's determination that Crapnell had an insufficient number of qualifying weeks of employment to establish a valid application for unemployment benefits was not unlawful, unreasonable, or against the manifest weight of the evidence, and the trial court erred in reversing it.

{¶28} Accordingly, ODJFS's sole assignment of error is sustained.

{¶29} Having found error prejudicial to the appellant, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**